TEXAS & PACIFIC RAILWAY COMPANY V. J. G. BUMP.

Decided May 26, 1906.

**1.—Verdict—Preponderance of Evidence.**

A mere preponderance of evidence against a verdict will not authorize an Appellate Court to set it aside in the absence of anything in the record showing that it was the result of passion or prejudice.

**2.—Riding on Freight Train—Assumed Risk—Charge.**

In a suit by plaintiff for personal injuries received while riding on a freight train in charge of stock, charges considered, and held to sufficiently and correctly present the law as to the risk assumed by plaintiff.

Appeal from the District Court of Palo Pinto County. Tried below before Hon. W. J. Oxford.

*H. C. Shropshire,* for appellant.—A shipper going along with his stock, and riding upon a freight train, is deemed to assume such risk of dangers as necessarily attend the kind of train on which he is riding, and if he is injured, while so riding upon said freight train, from dangers such as are incident to travel upon such a train, he can not recover for such injuries and it was error for the court to refuse to so instruct the jury. Runnels et al. v. Houston, E. & W. T. Ry. Co., 50 S. W.

Rep., 172; Wait v. Omaha, K. C. & E. Ry. Co., 65 S. W. Rep., 1028; Erwin v. Kansas, Ft. S. & M. Ry. Co., 68 S. W. Rep., 88; Omaha & R. V. Ry. Co. v. Crow, 74 N. W. Rep., 1066; Oliver v. Moore, 43 S. W. Rep., 812; Missouri, K. & T. Ry. Co. v. Cardena, 54 S. W. Rep., 312; Whitsett v. Miller, 1 Posey U. C., 212, 213; Smith v. Frio County, 50 S. W. Rep., 958; Banner Distilling Co. v. Dieter, 60 S. W. Rep., 798; Blair v. Blanton, 54 S. W. Rep., 321; Jones v. Parker, 42 S. W. Rep., 123; Eppstein v. Thomas, 44 S. W. Rep., 893.

*W. H. Penix,* for appellee.

CONNER, CHIEF JUSTICE.—In this suit appellee recovered in the District Court of Palo Pinto County two hundred and eighty dollars as damages for personal injuries, and the further sum of four hundred and twenty dollars as damages to two carloads or fifty-five horses. It was alleged that the horses were shipped over appellant's line of railway from Strawn, Texas, to Texarkana, Texas, on October 25, 1902; that one of said cars was defective in particulars mentioned; that when near the city of Marshall and while running at a rapid rate of speed, by reason of negligence on the part of appellant, a collision or very sudden stoppage occurred which proximately resulted in great injuries to said horses as particularized, and also caused great and severe injuries, as specified, to the person of appellee, who accompanied said shipment. The prayer was for the total sum of $1,335, with judgment as stated.

While the first assignment seems subject to appellee's objection that it contains three distinct subjects or grounds of error, but a single subject is thereunder presented and we will consider it. Under this assignment appellant urges that a new trial should have been granted, as was sought, because a preponderance of the evidence shows that appellee was not personally injured, and that hence the verdict was excessive to the extent, at least, of the amount awarded on this account. A mere preponderance of evidence against a verdict will not authorize us to set it aside. The rule is well established that where there is evidence tending to support a verdict, and nothing appears in the record showing that it was the result of passion or prejudice, it will not be set aside. (Ft. Worth & Denver Ry. Co. v. Bunrock, 46 S. W. Rep., 70; Louisville Ry. Co. v. Casey, 71 S. W. Rep., 876; Board of Councilmen of City of Frankfort v. Chinn, 89 S. W. Rep., 188.) Appellee testified to the sudden stoppage of the train; that it threw him off his seat backwards and against the caboose door; that it was very dark and that he could not see what was the trouble; that the train was running rapidly; that he struck on his head and shoulders; hurt his head, neck, shoulders, back and wrist of left hand; that he was sixty-two years of age; for four weeks thereafter was hardly able to get on a horse; that his back and neck were bruised; that his back had never got well, but still hurt him; that he treated himself for over a month; that the injuries disabled him with reference to doing manual labor; that from the time of the injury until the time of the trial he had not been able to pitch hay or do any work of that character with his left hand or wrist, etc. Other witnesses testified to the sudden stopping of the train and of complaints of injury by appellee, and while there is evidence tending to show that he thereafter rode and attended to

his horses, we think the evidence referred to sufficient to support the verdict in the particular attacked.

The second and last assignment of error is to the court's refusal of the following special charge requested by appellant, viz.: "Gentlemen of the jury, in this case you are charged: In going upon and riding in the caboose of the defendant's freight train plaintiff assumed the risk of injury from all dangers incident to travel upon said freight train, and if you find and believe from the evidence that plaintiff was injured, if injured, only from dangers incident to travel upon said freight train, you will not allow plaintiff any damages on account of any personal injuries, if any, he may have sustained while riding in said caboose as alleged." It is perhaps doubtful whether the evidence raises the defense embodied in this special charge, but if so, we think the court otherwise sufficiently and more correctly presented it. For instance, in the ninth paragraph the jury were instructed "that in riding upon a freight train the plaintiff assumed the risks ordinarily incident to the operation of freight trains, and owed to himself the duty to take such a degree of care, prudence and foresight to protect himself from injury (degree of care referred to being that of ordinary care), and if you believe from the evidence that plaintiff failed to exercise such care and prudence for the protection of his person against injury while riding upon said train, and if such failure on his part contributed to his injuries, if any, then he can not recover for injuries to his person." And again, at the request of appellant, the court gave the following special charge, viz.: "Gentlemen of the jury, in this case you are charged unless you find and believe from the evidence before you that plaintiff was injured, if injured, from danger other than such dangers as are incident to travel upon a freight train, you will not allow plaintiff any damages on account of any injuries, if any, he may have personally sustained while riding upon the caboose of defendant's freight train."

No other question is presented and the judgment will be affirmed.
*Affirmed.*

Writ of error refused.